UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

GLOBALFOUNDRIES U.S. INC.,

                              Plaintiff,                    **ORDER**

            -against-                              23-cv-3348 (KMK) (AEK)

INTERNATIONAL BUSINESS MACHINES
CORPORATION,

                              Defendant.
------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      As a result of negotiations among Plaintiff GlobalFoundries U.S. Inc. ("GlobalFoundries"), Defendant International Business Machines Corporation ("IBM"), and non-parties Intel Corporation ("Intel") and Rapidus Corporation ("Rapidus"), there are three remaining disputes regarding the proposed protective order to govern discovery in this action: (i) the definition of what may be designated as "Highly Confidential – Outside Counsel's Eyes Only" ("OCEO") Discovery Material pursuant to Paragraph 7(b)(ii) of the protective order; (ii) the scope of the "Patent Prosecution Bar" as referenced in Paragraphs 9(b)(ii) and 15(b) of the protective order; and (iii) the treatment of deposition transcripts as set forth in Paragraph 18(b) of the protective order.

      (1)     As to the definition of what may be designated as OCEO material pursuant to Paragraph 7(b)(ii), IBM, Intel, and Rapidus have presented compelling arguments as to why the additional layers of protection that they have collectively proposed are necessary.

      The district court has broad discretion under Rule 26(c) of the Federal Rules of Civil Procedure to "decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984); *Dove v. Atl. Capital Corp.,*

963 F.2d 15, 20 (2d Cir. 1992) ("[T]he grant or denial of a protective order lies within the sound discretion of the district court."). The party seeking a protective order has the burden of establishing that good cause exists for issuance of that order. *See Gambale v. Deutsche Bank AG,* 377 F.3d 133, 142 (2d Cir. 2004). "Ordinarily, good cause exists when a party shows that disclosure will result in a clearly defined, specific and serious injury." *In re Terrorist Attacks on Sept. 11, 2001,* 454 F.Supp.2d 220, 222 (S.D.N.Y. 2006) (quotation marks omitted). "This standard applies when parties seek to maintain the confidential treatment of business information on the ground that it is commercially sensitive and would cause harm if known by a competitor." *U.S. Commodity Futures Trading Comm'n v. Parnon Energy Inc.*, No. 11-cv-3543 (WHP), 2013 WL 5882921, at *2 (S.D.N.Y. Oct. 25, 2013) (quotation marks omitted), *aff'd*, 593 F. App'x 32 (2d Cir. 2014). "Although the burden is on the movant to establish good cause for the entry of a protective order, the court ultimately weighs the interests of both sides in fashioning an order." *TIG Ins. Co. v. Swiss Reinsurance Am. Corp.*, No. 21-cv-8975 (NSR) (JCM), 2023 WL 6058649, at *2 (S.D.N.Y. Sept. 18, 2023) (quotation marks omitted).

There is no dispute that this litigation involves the highly competitive, fast-paced, and commercially sensitive field of advanced semiconductor technology. The additional proposed safeguards requested by IBM, Intel, and Rapidus in the protective order are appropriately tailored to protect against the risk that GlobalFoundries could obtain an unwarranted competitive advantage if certain sensitive materials that inevitably will have to be produced in this action were available to be shared with in-house counsel. The potential harms that the requesting parties have explained in their submissions to the Court constitute specific and potentially serious injuries, and therefore establish good cause for the inclusion of the additional proposed language.

Accordingly, the protective order to be issued by the Court shall include the language proposed by IBM, Intel, and Rapidus in Paragraph 7(b)(ii).

(2)     With respect to the language regarding the "Patent Prosecution Bar," IBM indicated that it was "willing to accept [GlobalFoundries's] proposed formulation of the patent prosecution bar" if the Court ruled in favor of IBM as to the dispute regarding the scope of OCEO designations.  ECF No. 128 at 3.  GlobalFoundries has explained that it "is not opposed to a prosecution bar that is tailored to IBM's concerns about [its] most advanced technology."  ECF No. 124 at 2-3.  In GlobalFoundries's view, its proposal—which limits the scope of the Patent Prosecution Bar to "10nm or subsequent, smaller generations of semiconductor technology"—accomplishes "exactly that."  *Id.* at 3.  Because the Court is permitting the more expansive definition for OCEO designations, the Court will adopt the narrower language regarding the Patent Prosecution Bar as proposed by GlobalFoundries.

Accordingly, the protective order to be issued by the Court shall include the "10nm or subsequent, smaller generations of semiconductor technology" language proposed by GlobalFoundries in Paragraphs 9(b)(ii) and 15(b).

(3)     The final outstanding issue concerns the treatment of "depositions and other pre-trial testimony," as set forth in Paragraph 18(b) of the protective order.  GlobalFoundries and IBM agree as to the scope of this provision, which requires that depositions "shall presumptively be treated as Confidential Discovery Material" subject to the protective order "during the deposition and for a period of thirty (30) days after the final transcript of said deposition is received by counsel for each of the Parties and any non-party who is given notice . . . ."  *See* ECF No. 129-1 at 10.  Intel has proposed that the default designation for the transcript during the review process should be the highest possible designation—OCEO—"for three days until the

3

parties determine whether there is Intel business or technical information at issue, and then if not, it can be presumptively at the lower level.  If Intel business or technical information is at issue, it should be at the OCEO level for the designation period." ECF No. 126 at 3.  IBM noted that it "currently believes this is impracticable, but is open to discussions." ECF No. 128 at 1 n.1.  Rapidus indicated that it believes that "further discussions of this issue may allow it to be resolved partly or entirely." ECF No. 127 at 1 n.1.  As of the November 2, 2023 conference with the Court, there had been no further negotiations as to this issue.

Because depositions in this case are still months away, the Court will not further delay issuing the protective order while the issue regarding depositions is outstanding, particularly given that there appears to be a willingness to continue discussions on this point.  Accordingly, the version of Paragraph 18(b) that has been agreed to by GlobalFoundries and IBM shall be included in the protective order that the Court will issue.  GlobalFoundries, IBM, Intel, and Rapidus are hereby directed to continue to discuss Intel's proposal as to Paragraph 18(b) to determine whether an agreed-upon resolution is possible.

By December 11, 2023, GlobalFoundries, IBM, Intel, and Rapidus must submit a joint letter—not to exceed five pages, single spaced—regarding their respective positions on this one outstanding item.  If necessary, the Court will hear further argument about this at the December 14, 2023 conference, with the expectation of having the issue fully and finally resolved at that conference.

\* \* \* \* \* \* \* \* \* \*

As promptly as possible on November 6, 2023, counsel for IBM shall modify the draft proposed protective order at ECF No. 129-1 to incorporate into that document the Court's ruling

with respect to Paragraphs 9(b)(ii) and 15(b).  The Court will then promptly issue the final, signed protective order.

\* \* \* \* \* \* \* \* \*

The Clerk of Court is respectfully directed to terminate the gavels at ECF Nos. 93, 107, 124, and 126.

Dated: November 6, 2023
       White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge