UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

GLOBALFOUNDRIES U.S. INC.,

                Plaintiff,               **ORDER**

      -against-               23-cv-3348 (KMK) (AEK)

INTERNATIONAL BUSINESS MACHINES
CORPORATION,

                Defendant.
------------------------------------------------------------x

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

       Currently before the court are four motions filed by non-party Taiwan Semiconductor

Manufacturing Company, Ltd. ("TSMC")—(i) a letter motion to seal all filings associated with

TSMC's motion to intervene and motion for a protective order, ECF No. 97; (ii) a motion to

intervene and for a protective order, ECF No. 100; (iii) a letter motion to seal a letter regarding

issues described in TSMC's motion to intervene and for a protective order, ECF No. 151; and

(iv) a letter motion for a conference, ECF No. 152—as well one letter motion to seal filed by

Defendant International Business Machines Corporation ("IBM") in connection with its response

to the TSMC filings, ECF No. 155.  This Order addresses and resolves all of these pending

applications.[1]

---

      [1] In its filing at ECF No. 152, TSMC states that the Court terminated the pending motion
to intervene and for a protective order on November 7, 2023, citing to ECF No. 149, the case-
wide protective order entered by the Court on that date.  *See* ECF No. 152 at 2.  The Court's
order regarding the case-wide protective order terminated certain motions, *see* ECF No. 147 at 5
(terminating motions at ECF Nos. 93, 107, 124, and 126), but not any of the motions filed by
TSMC.  TSMC's confusion likely stems from the original docket entry for ECF No. 149, which
incorrectly stated that the case-wide protective order terminated TSMC's pending motions.  But
as noted on the docket sheet, that docket entry was modified on 11/7/2023 (at the direction of the
Court), and no longer contains any reference to the termination of TSMC's motions.

1.      **Motions to Seal**

In the three letter motions to seal, TSMC requests that the entirety of its filings at ECF

Nos. 99, 100, 102, 105, 106, and 152 be maintained under seal, and IBM requests that the

entirety of its filing at ECF No. 156 remain sealed.

There is a "common law right of public access to judicial documents," which is "firmly

rooted in our nation's history" and which creates a rebuttable "presumption" in favor of public

access to judicial documents.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir.

2006).  In order to be designated a judicial document, "'the item filed must be relevant to the

performance of the judicial function and useful in the judicial process.'"  *Id.* (quoting *United*

*States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)).  In determining how much weight to afford

the presumption, courts must consider "the role of the material at issue in the exercise of Article

III judicial power and the resultant value of such information to those monitoring the federal

courts."  *Id.*  After determining the weight of the presumption, the court then must weigh

"competing considerations," including, among other things, the "privacy interests of those

resisting disclosure" and the "danger of impairing law enforcement or judicial efficiency."  *Id.* at

120 (quotation marks omitted).  A court may seal judicial documents if "'closure is essential to

preserve higher values and closure is narrowly tailored to serve that interest.'"  *ABC v. XYZ*

*Corp.*, No. 18-cv-11653 (JGK) (JLC), 2019 WL 1292503, at *2 (S.D.N.Y. Mar. 19, 2019)

(quoting *Lugosch*, 435 F.3d at 119), *adopted by* 2019 WL 1304466 (S.D.N.Y. Mar. 20, 2019).

There is no question that the filings that TSMC and IBM ask to have sealed are "judicial

documents"—they are submitted to assist the Court in ruling on various forms of relief that

TSMC is seeking—and therefore the submissions are subject to a presumption of access.

"Where, as here, the document[s] at issue relate[] to a discovery dispute, the presumption of

access has only modest weight, which can be overcome by considerations such as a valid need to protect the confidentiality of sensitive business information." *Brinks Glob. Servs. USA, Inc. v. Bonita Pearl, Inc.*, No. 22-cv-6653 (PGG) (BCM), 2023 WL 4399042, at *2 (S.D.N.Y. July 6, 2023) (cleaned up).  Even where the presumption of access is relatively weak, however, the court must "articulate specific and substantial reasons for sealing such material." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

TSMC and IBM have not offered any argument for why their entire filings regarding this discovery dispute need to remain under seal, rather than be filed on the public docket with genuinely sensitive business information redacted.  The Court recognizes that there is a valid basis to seal portions of the filings that specifically describe the contents of confidential business documents that prompted TSMC to seek to intervene in this matter in the first place.  But there is no justification for sealing, among other things, portions of the submissions that provide background regarding the dispute based on publicly available sources, the logistics and mechanics of the parties' attempts to resolve the dispute through meet-and-confer negotiations, or the portions of the parties' legal analysis that do not discuss the specific contents of the confidential documents.

Accordingly, the letter motions to seal various filings regarding the TSMC-IBM discovery dispute (ECF Nos. 97, 151, and 155) are GRANTED IN PART.  TSMC and IBM may redact portions of the filings that specifically describe the contents of confidential business documents and information that would allow readers to discern the contents of those documents. TSMC and IBM are hereby directed to file public versions of the documents filed under seal at ECF Nos. 99, 100, 102, 105, 106, 152, and 156, with targeted redactions redacting only the information specified herein.  When these redacted submissions are filed via ECF, the parties

should, to the extent possible, make a note in the ECF description of the document to make clear

which of the sealed documents corresponds to the new redacted filing.  The redacted versions of

the documents must be filed via ECF by November 30, 2023.

> **2.    Motion to Intervene**

TSMC has moved to intervene in this action pursuant to Rule 24(a)(2) of the Federal

Rules of Civil Procedure for the limited purpose of seeking a protective order regarding the

production of certain agreements between TSMC and Plaintiff GlobalFoundries U.S.

Incorporated ("GlobalFoundries"), which IBM has requested from GlobalFoundries.  The motion

to intervene for the limited purpose of seeking the protective order is not opposed, and therefore

is GRANTED.  *See Rimu Cap. Ltd. v. Ader*, No. 23-cv-5065 (LJL), 2023 WL 6144869, at *1

(S.D.N.Y. Sept. 20, 2023) (granting unopposed motion to intervene filed by party seeking

protective order against a subpoena served on a different non-party); *In re Klein*, No. 20-mc-203

(PKC), 2022 WL 1567584, at *3 (S.D.N.Y. May 18, 2022) (granting unopposed motion to

intervene to allow intervenor to challenge production of documents in possession of third party).

> **3.    Motion for Conference**

TSMC's letter motion for a conference regarding its application for a protective order is

GRANTED.  The substance of TSMC's application will be addressed at the conference

scheduled for December 14, 2023 at 10:00 a.m.  Because there are active discovery disputes to

be resolved, that conference will take place in person in Courtroom 250 at the White Plains

federal courthouse.

So that the Court can be better prepared for the December 14, 2023 conference, counsel

for TSMC is hereby directed to submit the agreements at issue for *in camera* review by the

Court, as TSMC proposed.  *See* ECF No. 152 at 3.  The documents are to be submitted by

November 30, 2023.  If the documents collectively total less than 100 pages, they should be submitted in hard copy; if the documents are more than 100 pages in total, counsel for TSMC should contact the Court's staff by telephone to discuss how best to deliver the materials.

The parties should be prepared to make any additional arguments in support of their positions at the December 14, 2023 conference, and should anticipate that the Court will rule on the issue from the bench at the conference.

## CONCLUSION

For the foregoing reasons, the letter motions to seal at ECF Nos. 97, 151, and 155 are GRANTED IN PART, the motion to intervene at ECF No. 100 is GRANTED, and the letter motion for a conference at ECF No. 152 is GRANTED.

The Clerk of Court is respectfully directed to terminate the gavels at ECF Nos. 97, 100, 151, 152, and 155.

Dated:  November 20, 2023
         White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge